FILED
2019 Jun-14 PM 12:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| JASON PARMELEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No: 2:16-cv-1534-CLS-SGC |
| | ) |
| TYRONE MCCALL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM OPINION AND ORDER

The magistrate judge filed a report on April 10, 2019 (doc. no. 105), recommending that defendants' motion for summary judgment (doc. no. 49) be granted and plaintiff's claims be dismissed with prejudice, except for the Fourteenth Amendment excessive force claim and state law assault and battery claims against defendant McCall. Plaintiff filed sworn objections to the report directed specifically at the recommendation that the medical claim against Officer Reece be dismissed. (doc. no. 108). Plaintiff contends he never received the cold compress or ibuprofen, as ordered by the doctor via telephone and as communicated to defendant Reece by Nurse Ingram. (*Id.*). Defendants contend plaintiff's sworn declaration (as contained in the objections) is untimely and should not be considered at this stage of the litigation. (doc. no. 111). Defendants also contend the evidence is insufficient to

demonstrate plaintiff suffered from a "serious medical need" as that term is applied to constitutional claims. (*Id.* at 4).

Plaintiff's objections are without merit. To the extent that he complains about not receiving ibuprofen and cold compresses, those allegations do not suggest a denial of medical care so egregious as to necessitate constitutional scrutiny. As the magistrate judge pointed out, the Eighth Amendment is only concerned with *serious* medical needs, and a response to such needs that is "so grossly incompetent, inadequate, or excessive as to shock the conscience or be intolerable to fundamental fairness." *Hill v. DeKalb Regional Youth Detention Center*, 40 F.3d 1176, 1185-86 (11th Cir. 1994). Furthermore, the magistrate judge determined that the record is devoid of evidence that plaintiff suffered as a result of any alleged delay. (doc. no. 105, at 18).

More importantly, plaintiff has failed to demonstrate the subjective component of an Eighth Amendment medical claim with regard to Officer Reece. Officer Reece testified the jail staff monitored plaintiff and followed Nurse Ingram's instructions. (doc. no. 50-3, at 3). Plaintiff's assertion that he never received ibuprofen or cold compresses does not, without more, suggest Officer Reece intentionally withheld these treatments, much less that he was the staff member personally responsible for administering them. In other words, plaintiff has failed to specifically show Officer Reece acted intentionally or recklessly to deny or delay medical care, or that he acted

with "an attitude of deliberate indifference" towards plaintiff's alleged medical problems, but instead has merely alleged in general terms that the jail staff failed to follow the medical orders. *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000). Plaintiff can assert a valid constitutional claim only if he can show a particular defendant possessed a "subjective awareness" of facts signaling a serious medical need, and that defendant was deliberately indifferent, as opposed to merely negligent, in failing to address that need. Plaintiff has fallen short of meeting that threshold.

Accordingly, having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the magistrate judge's report is ADOPTED, and the recommendation is ACCEPTED. The court ORDERS that defendants' motion for summary judgment (doc. no. 49) is GRANTED IN PART, and all claims asserted in this action, except the Fourteenth Amendment excessive force claim and the state law assault and battery claims against defendant Tyrone McCall, are DISMISSED WITH PREJUDICE. The remaining claims against defendant McCall are REFERRED to the magistrate judge for further proceedings.

DONE this 14th day of June, 2019.

_____
United States District Judge